An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Appellant,
vs.
ORLANDO ELIJIO GRIEGO A/K/A
ORLANDO ELILJIO GRIEGO, JR.,
Respondent.

No. 60378

**FILED**

MAY 1 5 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER VACATING JUDGMENT AND REMANDING

This is an appeal from a district court order granting a motion to set aside a guilty plea and conviction. Eighth Judicial District Court, Clark County; Jerome T. Tao, Judge.

Respondent Orlando Griego, a convicted sex offender, violated lifetime supervision. The State charged him with a felony pursuant to NRS 213.1243. In 2007, the Nevada Legislature revised various sex offender statutes to comply with SORNA, a federal act that implements certain procedures to track sex offenders. The legislation included amendments to NRS 213.1243. Before the 2007 amendments, the provisions regarding the crime of violating lifetime supervision and the penalties for it were set forth in NRS 213.1243(3)-(5). 2007 Nev. Stat., ch. 418, § 5, at 1918-19. The crime was designated as a misdemeanor or a category B felony depending on whether the violation was a "minor" or a "major" violation. *Id.* After the amendments, the violation was an automatic felony. Here, the State alleged that the violations occurred during a time period that both preceded and followed the effective date of the 2007 amendments.

13-14252

The ACLU sued in federal district court to enjoin implementation of the 2007 amendments, and in 2008, the federal district court issued an injunction against implementation. Based on that injunction, the district court in this case determined that Griego's guilty plea must be withdrawn and the conviction set aside.

Meanwhile, the Ninth Circuit Court of Appeals overturned the injunction as to A.B. 579 and remanded the injunction as to S.B. 471 to the federal district court. *ACLU of Nevada v. Masto*, 670 F.3d 1046 (9th Cir. 2012). In February 2013, the federal district court issued an order narrowing the scope of the injunction against S.B. 471. The 2013 order clarifies the scope of the injunction over NRS 213.1243(8), the statute under which Griego was charged.

In this appeal, which was docketed before the February 2013 order narrowing the injunction, the parties devote the majority of their efforts to arguing the scope of the 2008 injunction. These arguments are significantly affected, if not eliminated, by the 2013 order clarifying that the 2008 injunction does not reach NRS 213.1243(8). Although Griego briefly raises constitutional and fairness concerns about his lack of notice that his conduct could subject him to a felony charge, especially given the Attorney General's Office and the Legislative Counsel Bureau opinions that the statute's operation had been suspended, these concerns were neither fully briefed to, nor decided by, the district court. These issues should be developed in the first instance in the district court. We therefore vacate the district court's order granting the motion to set aside an illegal conviction and sentence and remand to the district court to determine: (1) the effect of the 2013 federal district court order, which clarified the scope of the injunction; (2) the effect of the uncertainty, if any,

of the law concerning NRS 213.1243(8) at the time Griego was charged and convicted; (3) Griego's liability under the pre-2008 statutory scheme if the amendments cannot be enforced against Griego; and (4) such other issues as the parties may raise on remand.[1]

It is so ORDERED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:   Hon. Jerome T. Tao, District Judge
     Attorney General/Carson City
     Clark County District Attorney
     Clark County Public Defender
     Eighth District Court Clerk

---

[1]This order constitutes our final disposition of this appeal. Any subsequent appeal shall be docketed as a new matter.